IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 14-cr-03050-01-MDH |
| ANTONIEO MURPHY, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) U.S.S.G. Sec. 1B1.13 and 5H1. (Doc. 39). Defendant moves for a sentence reduction based on his age at the time of committing the underlying offense. The government has filed a response stating the motion should be denied because Defendant has not exhausted his administrative remedies, is seeking retroactive application of Sentencing Guidelines Amendment 829, and fails to meet the requirements under 18 U.S.C. §§ 3582(c)(1) and (c)(2), and U.S.S.G § 1B1.13. (Doc. 40).

On July 22, 2014, an indictment was returned in the Western District of Missouri charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 7, 2014, Defendant pleaded guilty. On April 16, 2015, this Court sentenced Murphy to 42 months' imprisonment, to be served consecutive to Defendant's undischarged state sentence from Taney County, Missouri, Circuit Court. Defendant did not appeal. Defendant's motion requests a sentencing reduction due to his age of committing the underlying offense and sentencing disparities due to a change in the Sentencing Guidelines.

First, the government argues Defendant has failed to exhaust his administrative remedies. Section 3582(c)(1)(A) permits an inmate to move for reduction in sentence if he exhausted his administrative appeals or the facility's warden did not respond to his reduction in sentence request within 30 days. This exhaustion requirement is a mandatory claim-processing rule that must be enforced. See *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021); *United States v. Flute*, 3:21-CR-30088-RAL, 2023 WL 3340189, at *2 (D.S.D. May 10, 2023). For a sentence reduction under § 3582(c)(1)(A) to be appropriate, the movant must satisfy the administrative exhaustion requirement when invoked by the government. See, e.g., *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Defendant bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review – i.e., that he has "exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf" or that 30 days have lapsed "from the receipt of such a request by the warden" – and that "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A).

The government correctly notes that Defendant presents no evidence showing he submitted a request to the BOP. The government further states the BOP does not have a request on file. By presenting claims and evidence in his motion that were not first presented to the BOP, Defendant has failed to exhaust his administrative remedies. As a result, Defendant's motion is denied.

In addition, the government argues even if Defendant exhausted his administrative remedies, his motion should be denied because U.S.S.G. § 1B1.13(b)(6) is invalid. The government contends it is inconsistent with the plain text of § 3582(c)(1)(A) and exceeds the sentencing commission's statutory authority. Further, even if the Sentencing Commission acted within its statutory authority when promulgating that provision, Defendant does not meet

2

subsection (b)(6)'s criteria by its own terms. The government argues the amendment is not retroactive.

The Court finds Defendant has failed to establish he exhausted his administrative remedies. The Court finds it is unnecessary to address the additional arguments in Defendant's response. Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's opposition, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED:  February 24, 2025    */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**